| 3 | 441 |
| --- | --- |
| 109 | 49 |

## MURPHY *v.* DIAMOND.

In cases of collision between steamers, where there is fault on both sides, neither party can recover damages for any injury sustained.

MURPHY
v.
DIAMOND.

APPEAL from the Second District Court of New Orleans, *Canon,* J. *W. E. Murphy* and *R. Hunt*, for the plaintiff. *Preston* and *Roselius*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action instituted by the plaintiff, owner of the steam-ferry boat plying on the river Mississippi, from New Orleans to the opposite bank, against the owner of the steamer South Western, to recover damages produced by the collision of the two vessels, which took place on the 24th of May, 1847. There was judgment for $1000 in favor of the plaintiff, and the defendant has appealed. Both parties demand the reversal of the judgment; the defendant that, the judgment be rendered absolutely in his favor, and the plaintiff, that he recover the whole amount of his claim.

The district judge gave the following opinion in deciding the cause: "This case, as every case of the same nature in Louisiana, must be governed by arts. 2294, 2295, and 2296, *et seq.* of our Civil Code, and article 1928 of the same statute book is an excellent guide in the valuation of damages. After hearing the evidence and the arguments of counsel, the court considering : 1st. That the people of the steamer South Western knew the steam-ferry boat, where she was going, and the presumed course she was to follow, and which she did follow, and they could easily have avoided her without compelling the steam-ferry boat to deviate from her own course :

2d. That the evidence shows that the steamboat South Western was not properly navigated, and, in fact, had no pilot on board, or at least, had not a proper pilot at the helm, when the collision occurred, which in a crowded harbor like New Orleans, is a reckless and very reprehensible imprudence:

3d. That the South Western, when the accident occurred, was not in her proper place, and stopped her engine too late, when she was under full steam and impelled by the current:

4th. That, not being in her proper place, it was the fault of her captain and pilot, if she had not sufficient room to avoid the collision:

5th. That the evidence shows in the defendant, a strong disregard of other people's convenience and safety: It is ordered, adjudged, and decreed, &c.

These facts make out a case in which we should feel great reluctance in disturbing a judgment in favor of the plaintiff, did we not conceive that it was not consistent with the rules of law as established by the settled jurisprudence of the State. In *Myers* v. *Perry*, no new principle was advanced ; on the contrary, the decision was made in conformity with what we considered as the rule recognized in the cases cited, which were determined by our predecessors. The subject was afterwards reviewed by us in the case of *Carlisle* v. *Holton, ante* p. 48, and we came to the conclusion that the rule that, in cases of collission, where there was fault on both sides, neither could recover, was not only a sound rule of law, but most expedient and salutary in its operation in producing prudence and care in the navigation of our water courses.

In the present case, the South Western was coming down the river with a full head of steam, aided by the impetus of the current; she was visible from the landing of the ferry boat. The ferry boat was bound across the river. Common prudence appears to us to dictate that she should have passed under her stern, and let the South Western pass down. For a ferry boat loaded with passengers her course seems fraught with danger, and entirely unnecessary for any lawful or reasonable purpose. Nothing can be more censured than that a steamer should be navigated as the South Western was; but, we cannot

get over the fact of the fault of the plaintiffs' boat in contributing to this collision, and cannot sanction the judgment awarding him damages.

The judgment is, therefore, reversed, and judgment rendered for the defendants, with costs.